**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for Pierless Fish Corp.*
*Debtor and Debtor-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Rocco A. Cavaliere, Esq.
smarkowitz@tarterkrinsky.com
rcavaliere@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| PIERLESS FISH CORP.[1] | : | |
| | : | Case No.: 19-47655 (CEC) |
| Debtors. | : | |

**DECLARATION OF ROBERT DEMASCO (I) IN SUPPORT OF DEBTOR'S FIRST DAY MOTIONS AND (II) PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4**

I, Robert DeMasco, declare, pursuant to section 1746 of title 28 of the United States Code, that:

1. I am the President of Pierless Fish Corp. ("Pierless" or "Debtor") a corporation organized under the laws of the State of New York. Pierless intends to file a voluntary chapter 11 petition with the Clerk of this court on or about December 20, 2019 (the "Petition Date"). The Debtor is not a small business debtor as that term is defined in the Bankruptcy Code.

2. I have served as the Debtor's president since 1999 when it was formed. I am familiar with the Debtor's day to day operations, business, and financial affairs, and books and records. I am a co-founder of Pierless. Pierless commenced operations in 1999 and is one of New York City's premier fresh seafood purveyors. Pierless has supplied New York City's top chefs and restaurants with the highest quality fish and shellfish for approximately twenty (20) years. I am above eighteen years of age and I am competent to testify.

[1] The last four digits of the Debtor's federal tax identification number is (6438).

3.     I submit this declaration (this "Declaration") in accordance with Rule 1007-4 of the Local Rules of this court (the "Local Bankruptcy Rules") to assist this court (the "Court") and parties in interest in understanding the circumstances that compelled the commencement of this chapter 11 case, and (a) in support of the Debtor's petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and (b) for emergency relief that the Debtor has requested from the Court pursuant to the motions and applications described herein (collectively, the "First Day Pleadings").

4.     Among other things, the First Day Pleadings are designed to meet the Debtor's goals of: (i) continuing its operations in chapter 11 with as little disruption and loss of productivity and value as possible; (ii) maintaining the confidence and support of its customers, employees, vendors, and service providers; and (iii) establishing procedures for the smooth and efficient administration of this chapter 11 case. I have reviewed the First Day Pleadings and it is my belief that the relief sought therein is necessary to: (a) avoid immediate and irreparable harm to, and ensure the uninterrupted operation of the Debtor's business, and (b) maximize and preserve the value of the Debtor's chapter 11 estate.

5.     Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, and my review of relevant documents and information concerning the Debtor's operations, financial affairs, and restructuring initiatives, or my opinions based upon my experience and knowledge. If called as a witness, I could and would testify competently to the facts set forth in this Declaration. I am authorized to submit this Declaration on behalf of the Debtor.

6.     Parts I and II of this Declaration provide an overview of the Debtor's business, capital structure and circumstances giving rise to the commencement of this chapter 11 case. Part III summarizes the relief requested in each of the First Day Pleadings. Part IV sets forth the information requested by Local Bankruptcy Rule 1007-4.

## I.    THE DEBTOR'S BUSINESS

7.      The Debtor is engaged in the sale of fresh and frozen seafood primarily to higher level Manhattan restaurants. I currently am the Debtor's sole shareholder. The Debtor operates from a facility in Sunset Park, Brooklyn. The Debtor entered into three (3) separate leases with the City of New York as landlord each for a portion of the premises known as the Brooklyn Wholesale Meat Market located at 5600 First Avenue, Brooklyn, New York. In total the Debtor has four separate spaces but two of them are under one lease.

8.      The Debtor currently employs approximately seventy (70) employees.

9.      As further discussed below, the Debtor commenced this chapter 11 case to maximize value and ultimately effectuate a going concern sale of substantially all of its assets. Although the Debtor has been negotiating a potential stalking horse asset sale to a neighbor engaged in the wholesale meat business, for several weeks prior to the Petition Date, I was just recently advised by the proposed purchaser they may be no longer interested in pursuing a transaction with the Debtor.

## II.    PRE-PETITION CAPITAL STRUCTURE AND INDEBTEDNESS

10.     As noted, the Debtor is a privately held corporation organized under the laws of the State of New York. Prior to the Petition Date, the Debtor entered into an Amended and Restated Loan Agreement in the amount of $4 million ("Talbot Loan") with an entity known as Talbot Partners LLC ("Talbot"). One of the members of Talbot is Richard Sosman ("Sosman"). Sosman was previously the Debtor's accountant for many years. The Talbot Loan was secured by substantially all the Debtor's assets. The Talbot Loan is an unsecured loan as Talbot presently holds an unperfected security interest in the Debtor's assets. Talbot asserts it is owed approximately $1.1 million on account of the Talbot Loan. In or about February 2019, Talbot commenced a lawsuit against Pierless in the Supreme Court of the State of New York, Nassau County seeking to enforce the Talbot Loan.

11. Second, aside from the $4 million Talbot Loan, Talbot allegedly lent the Debtor an additional $500,000.00 in November 2017. Talbot asserts approximately $340,000.00 is owed on account of this loan and commenced a separate lawsuit in the Supreme Court of the State of New York, County of Nassau seeking to enforce this loan.

12. Third, Sosman asserts he lent $500,000.00 to Pierless pursuant to a promissory note dated December 18, 2012. In or about February 2019, Sosman commenced a lawsuit against Pierless in the Supreme Court of the State of New York, County of Nassau seeking to enforce this loan. Finally, Sosman asserts he is owed approximately $255,000.00 on account of this loan plus an additional $400,000.00 pursuant to a separate loan made in March 2015. The Debtor disputes these amounts.

13. Because of Pierless' current financial problems, it has yet to retain counsel to defend the three lawsuits referenced above. Pierless vigorously disputes the merits of the lawsuits. Further, Pierless and I believe we may be able to assert various counterclaims as Sosman, who was the Debtor's accountant, breached his fiduciary duty to Pierless and made certain misrepresentations to me in connection with these loans.

14. Aside from the above-referenced loans, because of the Debtor's severe cash flow difficulties which were caused in large part by these loans and the arguable usurious interest rates set forth in the loan agreements, in 2019 the Debtor entered into three (3) separate contracts pursuant to which it sold its future receivables. These agreements are often referred to in the industry as MCA agreements. In July 2019, the Debtor sold $322,500.00 of its future account receivables to GCM Capital LLC ("GCM") for a purchase price of $250,000.00. On or about the same time, the Debtor entered into a similar agreement with Libertas Funding LLC ("Libertas") pursuant to which it sold $201,000.00 of its future account receivables for a purchase price of $150,000.00. Finally, in or about September 23, 2019, the Debtor entered into an agreement to sell $682,000.00 of its future account receivables to EIN Cap Inc ("EIN") for a purchase price of

$495,000.00. All these entities filed UCC-1 financing statements. In addition, as it is customary in the industry, they required signed confession of judgments which could be entered upon a payment default. These contracts require the Debtor to make weekly payments of approximately $45,000.00. The cost of these funds, if treated as a loan, would be more than 40% per annum.

15. In October 2019, the Debtor began having serious problems making the daily/weekly payments to the above-referenced MCA lenders. The Debtor stopped permitting EIN to deduct daily payments of $6,500.00 from its bank account. As a result, EIN entered *ex parte* the confession of judgment with the Kings County Supreme Court and restrained the Debtor's bank account. In order to prevent a precipitous liquidation, the Debtor entered into an agreement allowing EIN to take $100,000.00 from the Debtor's bank account and reduced the weekly payment from approximately $30,000.00 to $15,000.00. The Debtor has been making the $15,000.00 per week payments for the last several weeks.

16. Recently, GCM also entered a confession of judgment and has sent out notices to the Debtor's account debtors advising them of the default and demanding the Debtor's account debtors send payments to GCM rather than to the Debtor. All of these efforts by the MCA creditors to enforce their contractual rights, has seriously hampered the Debtor's ability to operate and supply its customers. The Debtor has also been notified by its storage facility that due to unpaid storage charges, the storage company which stores approximately $400,000.00 of the Debtor's frozen seafood product, will no longer permit the Debtor access and intends to attempt to enforce its warehouse lien by selling the inventory. Dealing with all these issues, has taken away my time from maintaining relationships with critical customers and vendors.

17. Over the last four to five weeks, I have been in discussion with a company known as King Solomon ("Solomon") which is engaged in the wholesale meat business and operates in the space next door to the Debtor. The owner of Solomon expressed a serious interest in purchasing substantially all of the Debtor's assets (exclusive of account receivables).

Unfortunately, I was told in the last few days Solomon may no longer be interested in pursuing a transaction. I intend to continue to search for a suitable purchaser and/or investor as quickly as feasible during the early stages of this chapter 11 case. I have recently been in touch with a few potential purchasers/investors.

## III.    SUMMARY OF FIRST DAY PLEADINGS

### A.    Motion to Use Cash Collateral (the "Cash Collateral Motion")

18.    As set forth above, prior to the Petition Date, the Debtor borrowed money on the secured basis from Talbot. Although I have been advised the Talbot Loan is likely an unsecured loan in this chapter 11 case, the Debtor in an abundance of caution is seeking to utilize its pre-petition accounts receivable of approximately $1.2 million to pay its ordinary operating expenses. As further detailed above, the Debtor has entered into three (3) separate merchant credit advance agreements with GCM, Libertas and EIN. Although these agreements are denominated not as loans but as a sale of future receivables, each of these entities also asserts a security interest in the Debtor's accounts receivable and filed UCC-1 financing statements. The Debtor has been paying approximately $24,000.00 per week in total to these three MCA creditors. Pursuant to the Cash Collateral Motion, the Debtor proposes to continue to pay EIN $15,000.00 per week, Libertas $4,500.00 per week and GCM $5,000.00 per week and to provide a replacement lien on the Debtor's post-petition accounts receivable as adequate protection for the use of cash collateral. The Debtor intends to attempt to reach an agreement with EIN, GCM and Libertas. The Debtor does not intend to pay any adequate protection payment to Talbot. I am advised the Bankruptcy Court must authorize the use of cash collateral unless the holder of an interest in such collateral consents to such use. Without the ability to collect and utilize its accounts receivable, the Debtor will not have the funds necessary to preserve its assets, pay employees, purchase products and supply its numerous customers. Accordingly, without immediate access to its accounts receivable, the Debtor will likely suffer substantial and

irreparable harm. The Debtor is requesting a hearing as soon as possible, no later than December 26, 2019 to approve the use of cash collateral on an interim basis. I have reviewed the Cash Collateral Motion and adopt the statements made therein.

**B.     Motion for Interim and Final Order Authorizing (i) Payment of Wages, Compensation and Employee Benefits and (ii) Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations**

19.     As with most businesses, the Debtor makes payroll in arrears. The Debtor makes payroll every Friday to its seventy (70) employees. The payroll due on Friday, December 27, 2019 is the payroll for the week prior. I have been advised that in order for a debtor to pay a pre filing obligation, the Court must approve such payments. I have been further advised that bankruptcy courts routinely approve payments of pre-petition payroll. It is critical for the Debtor to pay its employees such as drivers, driver helpers and laborers as well as the office employees. All these employees live essentially paycheck to paycheck and cannot afford to miss a weekly payroll check. Other than my pay, none of the employees have any ownership interest in the Debtor and most of the employees are paid based upon hourly wage and overtime.

20.     I have reviewed the Wage Motion and adopt the statements and arguments made therein and request the Court schedule a hearing no later than December 26, 2019 in order to approve the payroll due on Friday, December 27, 2019.

## IV.     INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1007-4

21.     I have been advised that Local Bankruptcy Rule 1007-4 requires certain information related to a chapter 11 debtor which is set forth below.

22.     In accordance with Local Bankruptcy Rule 1007-4(a)(5), there has been no prepetition committee of creditors formed in this chapter 11 case.

23.     In accordance with Local Bankruptcy Rule 1007-4(a)(6), **Exhibit A** hereto is a list containing the names, addresses, and, where available, telephone and facsimile numbers of

the creditors holding the twenty (20) largest unsecured claims (excluding insiders) against the Debtor.

24.    In accordance with Local Bankruptcy Rule 1007-4(a)(7), **Exhibit B** hereto is a list containing the names, addresses, and, where available, telephone and facsimile numbers of the creditors holding the five (5) largest secured claims against the Debtor. Included in this list is Talbot Loan even though as set forth above the Debtor believes Talbot's security interest is avoidable in this chapter 11 case.

25.    In accordance with Local Bankruptcy Rule 1007-4(a)(8), **Exhibit C** hereto is a list containing a summary of the Debtor's assets and liabilities.

26.    To the best of my knowledge, none of the Debtor's property is in the possession or control of any custodian, public officer, mortgagee, pledgee, assignee or rents, or secured creditor, or agent for any such entity.

27.    In accordance with Local Bankruptcy Rule 1007-4(a)(11), **Exhibit D** hereto is a list of the premises leased, or held under other arrangement, from which the Debtor operates its business.

28.    In accordance with Local Bankruptcy Rule 1007-4(a)(12), **Exhibit E** hereto is a list providing the location of the Debtor's substantial assets, the location of its books and records, and the value of any assets held by the Debtor outside the territorial limits of the United States.

29.    In accordance with Local Bankruptcy Rule 1007-4(a)(13), **Exhibit F** hereto is a list of litigation commenced against the Debtor.

30.    In accordance with Local Bankruptcy Rule 1007-4(a)(14), **Exhibit G** hereto is a list containing the names of the individuals who comprise the Debtor's existing senior management, with their tenure with the Debtor, and a brief summary of their relevant responsibilities and experience. The Debtor intends to continue to operate as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

31.     In accordance with Local Bankruptcy Rule 1007-4(a)(15), **Exhibit H** hereto is the estimated amount of the Debtor's employees (exclusive of officers, directors and stockholders) for the 30-day period following the commencement of the Debtor's chapter 11 case.

32.     In accordance with Local Bankruptcy Rule 1007-4(a)(16), **Exhibit I** hereto contains the amounts to be paid to the Debtor's officers, directors, and stockholders for services for the 30-day period following the commencement of the Debtor's chapter 11 case.

33.     In accordance with Local Bankruptcy Rule 1007-4(a)(17), **Exhibit J** hereto contains the estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remain unpaid, other than professional fees, for the 30-day period following the commencement of the Debtor's chapter 11 case.

34.     In accordance with Local Bankruptcy Rule 1007-4(a)(18), **Exhibit K** hereto sets forth the list of each insurance policy which the Debtor maintains.

35.     In accordance with Local Bankruptcy Rule 1007-4(a)(19), **Exhibit L** hereto sets forth a list of the Debtor's bank accounts.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 19th day of December 2019

Robert DeMasco

**EXHIBIT A**

PIERLESS FISH CORP.
LIST OF TWENTY (20) LARGEST UNSECURED CREDITORS

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | Pierless Fish Corp. |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF NEW YORK |
| Case number (if known): | |

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Viking Village, Inc. 1801 Bayview Avenue Barnegat Light, NJ 08006 | | Trade | | | | $456,929.50 |
| Kashiko Export 4164 Atlantic Avenue Wall Township, NJ 07727 | | Trade | | | | $392,404.25 |
| NYC Economic Devel. Corp. One Liberty St. New York, NY 10006-2973 | | Rent | | | | $223,336.96 |
| Yuga International LLC 3215 Downing St Flushing, NY 11354 | | Trade | | | | $173,174.15 |
| Albatross Seafood Co. 35-08 30th Ave Astoria, NY 11102 | | Trade | | | | $172,116.96 |
| La Reserve, Inc 2240 E. 82nd Street New York, NY 10028 | | Trade | | | | $158,895.77 |
| Aquafisk Inc. 10 Colonial Rd Suite 28 Salem, MA 01970 | | Trade | | | | $142,036.56 |
| Wild Atlantic Seafood 622 Cassat Ave Jacksonville, FL 32205 | | Trade | | | | $133,268.29 |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

Debtor Pierless Fish Corp.
Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| James L. Mood Fisheries Ltd. 130 Falls Point Rd. Lower Woods Harbour Nova Scotia, B0W 2E0 CANADA | | Trade | | | | $129,144.70 |
| Aquanaria, S.L. Prolongacion Bentejui S/N Castillo del Romeral San Bartolome de Tirajana Las Palmas, Gran Canaria,, ES 35107 | | Trade | | | | $110,245.70 |
| Atlantica Imports Inc. 139 Harristown Road Suite 3 Glen Rock, NJ 07452 | | Trade | | | | $107,927.01 |
| Emerald Seafood Company, Inc. 800 Food Center Drive Unit 63 P.O. Box #6 Bronx, NY 10474 | | Trade | | | | $88,472.61 |
| Lee Fish, U.S.A. 1310 E. Grand Ave El Segundo, CA 90245 | | Trade | | | | $87,573.08 |
| Gosman's Fish Market 484 West Lake Drive P.O. Box 2340 Montauk, NY 11954 | | Trade | | | | $85,902.48 |
| North Atlantic Traders 175 Alley St. Lynn, MA 01905 | | Trade | | | | $85,168.67 |
| Crown Fish Co. 800 Food Center Dr Unit 86 Bronx, NY 10474 | | Trade | | | | $82,185.19 |
| Del Pacifico Seafoods LLC PO Box 86133 Los Angeles, CA 90086-0133 | | Trade | | | | $82,022.30 |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

Debtor Pierless Fish Corp.
Name

Case number (if known)

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Commercial Funding Inc.<br>170 S. Main Street<br>Suite 700<br>Salt Lake City, UT 84101-7527** | | **Trade** | | | | **$81,016.90** |
| **Sea Agra Seafood Brokerage<br>1078 Adderley St<br>North Vancouver<br>BC, Canada V7L1T3** | | **Trade** | | | | **$77,528.32** |
| **Atradius Collections Inc<br>3500 Lacey Rd.<br>Ste 220<br>Downers Grove, IL 60515** | | **Trade** | | | | **$76,000.00** |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name Pierless Fish Corp.

United States Bankruptcy Court for the: EASTERN DISTRICT OF NEW YORK

Case number (if known) ______

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ______
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration ______

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 12-19-2019 X [signature]

Signature of individual signing on behalf of debtor

**Robert DeMasco**
Printed name

**President & CEO**
Position or relationship to debtor

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

**EXHIBIT B**

PIERLESS FISH CORP.
LIST OF FIVE (5) LARGEST SECURED CREDITORS

**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:

PIERLESS FISH CORP.

Debtor.

Chapter 11

Case No. 19-47655 (CEC)

**LIST OF CREDITORS HOLDING 5 LARGEST SECURED CLAIMS**

*Following is a list of the debtor's creditors holding the 5 largest secured claims. The list is prepared in accordance with Rule 1007-4(a)(7) of the Local Rules of this court for the filing in this Chapter 11 case.*

| *NAME OF CREDITORS AND COMPLETE MAILING ADDRESS (INCLUDING ZIP CODE)* | *NAME, TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS (INCLUDING ZIP CODE) OF EMPLOYEE, AGENT, OR DEPARTMENT (IF DIFFERENT FROM MAILING ADDRESS) OF CREDITOR FAMILIAR WITH CLAIM* | *AMOUNT OF CLAIM* | *DESCRIPTION AND EST. VALUE OF COLLATERAL SECURING CLAIM* |
|---|---|---|---|
| EIN Cap Inc | 160 Pearl St., FL 5<br>New York, NY 10005<br>Attn: Russell Naftali | $417,691.00 | Accounts Receivable $1.2 million and various trucks. |
| Libertas Funding LLC | 1111 Broadhollow Rd. #330<br>Farmingdale, NY 11735 | $130,000.00 | Accounts Receivable $1.2 million |
| GCM Capital LLC | 108 Greenwich, 5th Floor,<br>New York, NY 10006<br>Attn: Nathan Abadi | $150,000.00 | Accounts Receivable $1.2 million |
| Talbot Partners, LLC | 2492 Merrick Road<br>Bellmore, NY 11710<br>Attn: Richard Sosman | $1,400,000.00<br>(Disputed)<br>Unperfected | All Assets |
| Mercedes-Benz Financial Services | 36455 Corporate Dr.<br>Farmington Hills, MI 48331 | $450,000.00 | Liens on Particular 2017 and 2018 Trucks |

**DECLARATION UNDER PENALTY OF PERJURY**

I, Robert DeMasco, sole member of Pierless Fish Corp., named as debtor in this case, declare under penalty of perjury that I have read the foregoing list of creditors holding the five (5) largest secured claims and that it is true and correct to the best of my information and belief.

Dated: New York, New York
December 19, 2019

/s/ Robert DeMasco
Robert DeMasco, President

**EXHIBIT C**

PIERLESS FISH CORP. BALANCE SHEET

| Account | Cost Center | Account Description | Current Year Current Period | Prior Year Current Period |
|---|---|---|---|---|
| 1000 | 000000 | Petty Cash | -349.71 | 1,655.97 |
| 1005 | 000000 | M&T Bank Checking/Operating | 312,067.36 | 0.00 |
| 1010 | 000000 | M&T Bank - ACH/CC Account | -44,836.22 | 0.00 |
| 1011 | 000000 | Cash | -18,412.88 | 0.00 |
| 1015 | 000000 | BankUnited Checking Acc | 2,674.70 | -539,400.14 |
| 1020 | 000000 | M&T Bank - Payroll Acc | 110,624.14 | 0.00 |
| 1025 | 000000 | BankUnited C/C & ACH Wire | 9,667.83 | 36,937.97 |
| 1030 | 000000 | M&T Cash | 14,146.92 | 0.00 |
| 1035 | 000000 | BankUnited Payroll Acc | -1,455.45 | -13,023.46 |
| 1095 | 000000 | Insurance Claim Rec'able | 92,062.08 | 92,062.08 |
| 1110 | 000000 | Accounts Receivable -Trade | 1,162,012.15 | 1,646,713.02 |
| 1145 | 000000 | Trucks | 1,444,863.80 | 1,573,590.80 |
| 1146 | 000000 | Trucks Accumulated Dep | -865,028.07 | -989,294.57 |
| 1148 | 000000 | Computer Software | 18,189.56 | 18,189.56 |
| 1149 | 000000 | Computer Software Acc. Dep | -18,189.56 | -18,189.56 |
| 1150 | 000000 | Computer Equipment | 31,496.25 | 31,496.25 |
| 1151 | 000000 | Computer Equipment AD | -11,904.22 | -11,817.22 |
| 1152 | 000000 | Machinery& Equipment | 1,276,621.52 | 1,251,388.22 |
| 1153 | 000000 | Machinery Accumulated Dep | -929,257.20 | -907,910.96 |
| 1200 | 000000 | Inventory | 1,884,749.58 | 2,161,101.54 |
| 1210 | 000000 | Leasehold | 1,023,250.59 | 1,023,250.59 |
| 1211 | 000000 | Leasehold Accumulated Dep | -858,982.39 | -855,183.89 |
| 1212 | 000000 | Equipment & Tools - Knives | -23,391.33 | 0.00 |
| 1214 | 000000 | A/D - Knives | 5,268.49 | 0.00 |
| | | Total Current Assets | 4,615,887.94 | 4,501,566.20 |
| 1410 | 000000 | Furnature & Fixtures | 291,152.97 | 291,152.97 |
| 1411 | 000000 | Furniture & Fixtures -AD | -267,774.46 | -263,361.71 |
| 1425 | 000000 | Restrictive Covenant | 200,000.00 | 200,000.00 |
| 1430 | 000000 | Goodwill | 1,100,000.00 | 1,100,000.00 |
| 1435 | 000000 | Accum Amortization | -642,776.50 | -621,110.00 |
| 1440 | 000000 | Closing Cost | 139,090.00 | 49,998.00 |
| 1441 | 000000 | Accumulated Amort-Closing Cost | -52,026.00 | -49,998.00 |
| | | Total Fixed Assets | 767,666.01 | 706,681.26 |
| 1700 | 000000 | Deposits | 63,366.00 | 64,366.00 |
| | | Total Assets | 5,446,919.95 | 5,272,613.46 |
| 2010 | 000000 | Accounts Payable -Trade | 4,658,604.07 | 3,513,643.92 |
| 2012 | 000000 | Amex Payable | 68,357.60 | 158,976.94 |
| 2020 | 000000 | Accrued Expenses | 88,070.59 | 88,070.59 |
| 2090 | 000000 | Payroll Clearing | 1,546.51 | -3,941.60 |
| 2220 | 000000 | NY SDI Witheld Payable | 1,610.74 | 794.75 |
| 2221 | 000000 | NYPFL | 627.85 | 0.00 |
| 2225 | 000000 | NYS Tax Witheld Payable | 3,938.04 | -0.02 |
| | | Total Current Liabilities | 4,822,755.40 | 3,757,544.58 |
| 2404 | 000000 | Notes Payable Bond Street LLC | 11,914.71 | 94,399.70 |
| 2406 | 000000 | Notes Payable Ondeck | -360.78 | 85,399.07 |
| 2408 | 000000 | Direct Cap- Dehydrator# 2 | -2,328.69 | 11,624.11 |
| 2409 | 000000 | D. Capital- Promens Packaging | 19,674.72 | 62,493.89 |
| 2410 | 000000 | Officer Loan | -46,488.00 | 0.00 |

| Account | Cost Center | Account Description | Current Year Current Period | Prior Year Current Period |
|---|---|---|---|---|
| 2411 | 000000 | Shareholder L/P | -649,271.31 | -149,439.00 |
| 2412 | 000000 | Direct Capital- Dehydrator | -1,358.67 | 4,249.48 |
| 2413 | 000000 | Direct Capital- Promens | -7,482.94 | 31,791.85 |
| 2425 | 000000 | Talbot Partners LLC Note Payab | 364,198.42 | 351,203.44 |
| 2426 | 000000 | Talbot Partners Loan | 1,402,883.43 | 1,352,176.79 |
| 2434 | 000000 | Toyota Hino 2015 Truck | 1,180.25 | 15,336.26 |
| 2435 | 000000 | Benz-929454 | -106.65 | 11,904.99 |
| 2436 | 000000 | Benz-929456 | -106.70 | 11,904.98 |
| 2437 | 000000 | Benz-933765 | -106.56 | 11,905.07 |
| 2438 | 000000 | Benz-929455 | 0.00 | 11,905.06 |
| 2439 | 000000 | Isuzu 2015 Vin# 0367 | 18,918.20 | 36,295.41 |
| 2440 | 000000 | Isuzu 2014 Vin# 0881 | 18,463.58 | 35,415.88 |
| 2441 | 000000 | Isuzu 2014 Vin# 0878 | 18,463.58 | 35,415.88 |
| 2442 | 000000 | Fox Excel Capital | -76,835.55 | 107,880.05 |
| 2445 | 000000 | Libertas Funding | 3,727.14 | 0.00 |
| 2446 | 000000 | EIN Cap Inc Loan | 76,406.00 | 0.00 |
| 2447 | 000000 | GCM Cap Loan | 94,875.00 | 0.00 |
| 2450 | 000000 | Loan Payable- Mark Salomon | 100,000.00 | 100,000.00 |
| 2451 | 000000 | Loan Payable- Toni Salomom | 100,000.00 | 100,000.00 |
| 2452 | 000000 | MBenz 2017 566657 | 58,337.47 | 76,510.34 |
| 2453 | 000000 | MBenz 2017 562726 | 58,337.47 | 76,510.34 |
| 2454 | 000000 | MBenz 2017 576220 | 58,337.47 | 76,510.34 |
| 2455 | 000000 | MBenz-2017 575897 | 58,337.47 | 76,510.34 |
| 2456 | 000000 | MBenz 2017 576224 | 58,337.47 | 76,510.34 |
| 2457 | 000000 | MBenz 2018 616862 | 57,800.54 | 78,078.44 |
| 2458 | 000000 | MBenz 2018 617520 | 57,436.47 | 77,714.40 |
| 2459 | 000000 | MBenz-2019 | -5,004.31 | 0.00 |
| 2460 | 000000 | MBenz-2019 | -5,037.27 | 0.00 |
| 2465 | 000000 | Wild Atlantic Seafood | -12,000.00 | 0.00 |
| 2466 | 000000 | Kashiko Export | -56,000.00 | 0.00 |
| 2467 | 000000 | Viking Village, Inc | -70,000.00 | 0.00 |
| | | | ------------- | ------------- |
| | | Total Other Liabilities | 1,705,141.96 | 2,860,207.45 |
| 2910 | 000000 | Officer Dividends Robert | 660,000.00 | 0.00 |
| 2920 | 000000 | Paid In Capital | 100.00 | 100.00 |
| 2925 | 000000 | Treasury Stock | -100,000.00 | -100,000.00 |
| 2980 | 000000 | Retained Earnings | -1,245,238.57 | -580,035.08 |
| 2990 | 000000 | YTD Net Income | -395,838.84 | -665,203.49 |
| | | | ------------- | ------------- |
| | | Total Owners Equity | -1,080,977.41 | -1,345,138.57 |
| | | | ------------- | ------------- |
| | | | ------------- | ------------- |
| | | Total Liabilities & Equity | 5,446,919.95 | 5,272,613.46 |
| | | | ============= | ============= |

**EXHIBIT D**

PIERLESS FISH CORP. LEASED PREMISES

| Leased Premises | Monthly Rent |
|---|---|
| Unit B9<br>Brooklyn Wholesale Meat Market<br>5600 First Avenue<br>Brooklyn, NY | $22,901.03 |
| Unit A21<br>Brooklyn Wholesale Meat Market<br>5600 First Avenue<br>Brooklyn, NY | $10,729.59 |
| Units B6-B8<br>Brooklyn Wholesale Meat Market<br>5600 First Avenue<br>Brooklyn, NY | $15,608.80 |

**EXHIBIT E**

PIERLESS FISH CORP.

| **Location of Debtor's Substantial Assets** |
| --- |
| Unit B9<br>Brooklyn Wholesale Meat Market<br>5600 First Avenue<br>Brooklyn, NY |
| Unit A21<br>Brooklyn Wholesale Meat Market<br>5600 First Avenue<br>Brooklyn, NY |
| Units B6-B8<br>Brooklyn Wholesale Meat Market<br>5600 First Avenue<br>Brooklyn, NY |
| 100 Polar Way<br>Jersey City, NJ 07305 |
| 435 A Bergen Avenue<br>Kearny, NJ 07032 |

| **Location of Debtor's Books and Records** |
| --- |
| Unit B9<br>Brooklyn Wholesale Meat Market<br>5600 First Avenue<br>Brooklyn, NY |

**EXHIBIT F**

PIERLESS FISH CORP.

SIGNIFICANT LITIGATION COMMENECED AGAINST THE DEBTOR PRIOR TO THE PETITION DATE

| Title of Action | Court | Nature of Action | Status |
|---|---|---|---|
| Talbot Partners v. Pierless Fish Corp. 602386/2019 | Nassau | Collection | Pending |
| Sosman, Richard v. Pierless Fish Corp. 602384/2019 | Nassau | Collection | Pending |
| Talbot Partners LLC v. Pierless Fish Corp. 602709/2019 | Nassau | Collection | Pending |
| EIN Cap, Inc v. Pierless Fish Corp d/b/a Pierless Fish Corp et al. 523225/2019 | Kings | Collection | Judgment Issued |
| Libertas Funding, LLC v. Robert Demasco et al. 524127/2019 | Kings | Collection | Judgment Issued |
| The City of New York v. Pierless Fish Corp. Index No. L&T 77471/19 | Kings | Non-Payment Proceeding | Judgment Entered per Stipulation |
| The City of New York v. Pierless Fish Corp. Index No. L&T 77469/19 | Kings | Non-Payment Proceeding | Judgment Entered per Stipulation |
| The City of New York v. Pierless Fish Corp. Index No. L&T77470/19 | Kings | Non-Payment Proceeding | Judgment Entered per Stipulation |
| Simmions et al v. Pierless Fish Corp. et al. Case No.: 17-cv-03044-FB-CLP | U.S. District Court, E.D.N.Y. | FLSA Litigation | Pending |

**EXHIBIT G**

PIERLESS FISH CORP.

DEBTOR'S EXISTING SENIOR MANAGEMENT

| Name/Position | Summary of Responsibilities and Experience |
|---|---|
| Robert DeMasco/CEO | Responsible for all Operations and Day to Day Management of Business |

**EXHIBIT H**

PIERLESS FISH CORP.

ESTIMATED AMOUNT OF WEEKLY PAYROLL TO EMPLOYEES EXCLUSIVE OF
OFFICERS, DIRECTORS, AND SHAREHOLDERS FOR THE 30-DAY PERIOD
FOLLOWING THE PETITION DATE

| Week Ending | Estimated Gross Payroll |
|---|---|
| 12/20/2019 | $75,000.00 |
| 12/27/2019 | $75,000.00 |
| 1/3/2020 | $75,000.00 |
| 1/10/2020 | $75,000.00 |

**EXHIBIT I**

PIERLESS FISH CORP.

ESTIMATED AMOUNT OF WEEKLY PAYROLL TO OFFICERS, DIRECTORS, AND
SHAREHOLDERS FOR THE 30-DAY PERIOD FOLLOWING THE PETITION DATE

| Week Ending | Estimated Gross Payroll |
|---|---|
| 12/20/2019 | $5,769.24 |
| 12/27/2019 | $5,769.24 |
| 1/3/2020 | $5,769.24 |
| 1/10/2020 | $5,769.24 |

**EXHIBIT J**

PIERLESS FISH CORP.

DEBTOR'S ESTIMATED CASH DISBURSEMENTS AND RECEIPTS FOR THE 30-DAY PERIOD FOLLOWING THE PETITION DATE

| | |
|---|---|
| Cash Receipts | $800,000.00 |
| Cash Disbursements | $915,000.00 |
| Net Cash Gain (Loss) | ($115,00.00) |

**EXHIBIT K**

PIERLESS FISH CORP.
LIST OF INSURANCE POLICIES

1. UTICA NATIONAL INSURANCE GROUP

   Policy No.: CPP 5271669 – Commercial Package Policy
   Period: 6/27/2019 to 6/27/2020

2. UTICA NATIONAL ASSURANCE CORPORATION

   Policy No.: CULP 5271670 – Commercial Umbrella Policy
   Period: 6/27/2019 to 6/27/2020

3. UTICA NATIONAL INSURANCE GROUP

   Policy No.: 5250227 – Commercial Auto Policy
   Period: 6/27/2019 to 6/27/2020

4. STRATFORD INSURANCE COMPANY

   Policy No.: PDO9000765 – EPL Policy
   Period: 6/27/2019 to 6/27/2020

5. EIG SERVICES, INC.

   Policy No.: EIG2727743-01 – Workers Comp.
   Period: 11/1/2019 to 11/1/2020

**EXHIBIT L**

PIERLESS FISH CORP.
LIST OF BANK ACCOUNTS

**M&T BANK**

Operating Account: 8976363350

ACH: 9876363368

Payroll Account: 9876363376

Petty Cash: 9876363384